## HENRY POLKINGHORNE *v.* FANNIE HENDRICKS.

1. COMMERCIAL LAW. *Indorsement. Original promisor.*
   Where a party writes his name on the back of a note before delivering, in order to enable the maker to obtain money from the payee, he thereby renders himself liable to the payee as original promisor.

2. SAME. *Surety. Forbearance. Usury.*
   Such a party, though surety for the maker of the note, is not discharged by an extension of time on the note, to which he does not assent, when the extension is granted upon the prepayment by the maker of usury or interest. The usury causes a forfeiture of all interest and the forbearance is therefore without consideration or legal obligation.

3. PREPAYMENT OF INTEREST. *Usury.*
   Under the laws of this State the prepayment of the full legal rate of interest is usurous.

4. INTEREST. *Forfeiture.*
   Under the Code of 1880, § 1141, the payment of more than ten per cent. per annum causes a forfeiture of all interest, and the payment will be treated not as interest, but as a payment on the principal.

5. PLEADING. *Special plea. General issue. Demurrer.*
   It is error to sustain a demurrer to a special plea upon the sole ground that it amounts to the general issue. Code 1880, § 1567; Act of 1878, 190; Code 1857, 495; Act 116.

APPEAL from the Circuit Court of Adams County.

HON. RALPH NORTH, Judge.

This was an action of assumpsit brought by appellee against William Noonan and Henry Polkinghorne as joint and several

makers of a promissory note for the sum of sixteen hundred dollars, dated February 21, 1880, due twelve months after date, and bearing interest at the rate of ten per centum per annum from date. The note was in the usual form, except that the name of appellee was written on the back of the note. It was executed under the following circumstances : Noonan, desiring to procure from appellee the amount of money named, told her that he could get Polkinghorne " to go on the note and asked if he would do," to which she replied, " Yes, that he would do very well." The note was then drawn in the form stated and delivered by Noonan to appellee, who drew a check on her bankers for the sum of sixteen hundred dollars, delivered the check to Noonan, and received from him the sum of one hundred and sixty dollars for one year's interest in advance. At or about the time of the maturity of the note, appellee agreed with Noonan that she would let the note " run on " in consideration that Noonan should continue to pay the interest in advance. Noonan then paid one hundred and sixty dollars for the second year's interest, and about one year afterward he paid on account of interest one hundred dollars more.

Each of the defendants filed a plea of the general issue, and the defendant Polkinghorne filed three special pleas setting up the following defenses : 1, that Polkinghorne " indorsed " said note and did so only as accommodation indorser, and that he did not receive notice of demand and non-payment ; 2, that when the note fell due Noonan had ample means out of which defendant could have reimbursed himself, but that now Noonan has no property subject to execution, and by reason of want of notice, Polkinghorne as " accommodation " indorser has been damnified to the full amount of said note ; 3, that if Polkinghorne had been notified of his liability incurred as " accommodation " indorser, he would have given the notice in writing prescribed by the statute (§ 997, Code of 1880), and on failure of appellee to bring suit within thirty days before the ensuing term of court and prosecuting the same to effect Polkinghorne as " accommodation " indorser would have been discharged, and because he was not notified of the dishonor of said note he was debarred of his remedy, and is therefore absolved from all liability.

The appellee demurred to the special pleas on the ground that they amounted to the general issue and the demurrer was sustained.

The cause proceeded to trial on the 15th day of November, 1883, and a judgment was rendered in favor of plaintiff for the sum of one thousand eight hundred and seventy-one dollars and forty-five cents. Plaintiff afterward entered a *remittitur* to the amount of ninety-five dollars.

*Carson, Shields & Carson,* for the appellant.

1. The court ought to have overruled the plaintiff's demurrer to the special pleas. Huch. Code 846–853; *Gibson* v. *Powell,* 6 How. 60; *Tegarden* v. *Carpenter,* 7 Geo. 404; 57 Miss. 83; 59 Miss. 350.

2. For lack of intrinsic evidence the plaintiff seems to bolster up the case by what we may call a legal presumption that when a person not a payee indorses a note the law presumes him to be joint maker, because he would only be liable as *second indorser* commercially speaking, and therefore the payer would be without recourse as to him, we deny that proposition and will show by authority that as indorser he can be held liable by the payee. Story on Promissory Notes 591, 595, 598; *Hall* v. *Newcomer,* 3 Hill 23; *Warberton* v. *Sinclair,* 26 Barb. 455; *Lester* v. *Paine,* 39 Barb. 616; *Schollenberger* v. *Nehf,* 4 Casey (Penn.) 189; Ib. 447; 10 Casey (Penn.) 58; 9 Wis. 516; 19 N. Y. 227; 23 Barb. 534; 5 Vt. 161; 22 How. (U. S.) 341; Byles on Bills, 6 Am. ed., 236; 11 Con. 440; 4 Ib. 527; 9 Texas 615; 2 Cal. 485; Ib. 605; 42 N. Y. 9; 12 Richardson (S. C.) 167; Ib. 554; 16 Ind. 236; Ib. 265; 25 Ill. 91; 12 Wis. 639; 13 Wis. 227.

3. By our own decisions we are right in our position that Polkinghorne, being an accommodation indorser, was entitled to notice of presentment and non-payment. The policy of Mississippi law is to protect sureties. *Thomas* v. *Jennings,* 5 S. & M. 627; *Jennings* v. *Thomas,* 13 S. & M. 618. The court will perceive from the above decisions, and, in fact, all the others, that the intention at the time of signing the note is the pole star by which to construe the act.

4. Even, therefore, in the light of a guarantee, he is entitled to be

discharged if he show that damages have resulted from the lack of plaintiff.    44 Eng. Com. Law Repts. 297; 12 Peters 503; *Van Wart* v. *Woolley*, 3 Barn. & Cres. 439, 10 Eng. Com. Law.

5. But we go further and say that he is discharged by the plaintiff's giving time to the principal.    52 Miss. 634; *Brown* v. *Prophit*, 53 Miss. 649; Byles on Bills 246–7.

6. The judgment of the court below must be reversed upon another ground, and that is the verdict and judgment is by the record excessive and for more damages than the plaintiff has demanded in his suit.

*James G. Leach & T. Otis Baker*, for the appellee.

1. That the court erred in sustaining the demurrer to defendant's pleas.    The special pleas filed by Polkinghorne are not among the pleas enumerated in § 1548 of the Code.    Furthermore, the matters of fact which they set up by way of defense merely amount to a denial of such allegations in the declaration as the plaintiff would on the general issue be bound to prove in support of his case; these pleas are therefore bad as being unnecessary and amounting to the general issue. . 1 Chitty's Pleading 527; *Van Ness* v. *Forest*, 8 Cranch 30; *Gardner* v. *Webber*, 17 Pick. 407; *Kimball* v. *Boston, etc., R. R.*, The Reporter, Vol. 16, No. 16; *Netterville* v. *Stevens*, 2 How. (Miss.) 642; *Anderson* v. *Patrick*, 7 How. (Miss.) 347.

2. When a promissory note made payable to a particular person or order is first indorsed by a third person, such third person is held to be an original promisor, guarantor, or indorser, according to the nature of the transaction and the understanding of the parties at the time the transaction took place.

(1.) If he put his name in blank on the back of the note at the time it was made and before it was indorsed by the payee, to give the maker credit with the payee, or if he participated in the consideration of the note, he must be considered as a joint maker of the note.

(2.) *Reasonable doubt of the correctness of that rule cannot be entertained;* but if his indorsement was subsequent to the making of the note and to the delivery of the same to take effect, and he put his

24

name there at the request of the maker, pursuant to a contract of the maker with the payee for further indulgence or forbearance, he can only be held as guarantor, which can only be done where there is legal proof of consideration for the promise, unless it be shown that he was connected with the inception of the note.

3. But if the note was intended for discount, and he put his name on the back of the note with the understanding of all the parties that his indorsement would be inoperative until the instrument was indorsed by the payee, he would then be liable only as a second indorser, in the commercial sense, and as such would clearly be entitled to the privileges which belong to such an indorser. *Good* v. *Martin,* 95 U. S. (5 Otto.) 90, 94; *Rey* v. *Simpson,* 22 How. 341, 350. These rules are sustained by the weight of authority, but from the long line of decisions and elementary works supporting them, the following are selected as sufficient for the purposes of this case: *Moise* v. *Bird,* 11 Mass. 436; *Hunt* v. *Adams,* 5 Mass. 358; *Austen* v. *Boyd,* 24 Pick. 64; *Ives* v. *Bosley,* 35 Md. 262; *Walz* v. *Albach,* 37 Md. 404, 409; *Rothchild* v. *Grix,* 31 Mich. 150; *Childs* v. *Wyman,* 44 Maine 441; *Leonard* v. *Wilds,* 36 Maine 265; *Malbow* v. *Southard,* 36 Maine 147; *Killian* v. *Ashley,* 24 Ark. 515; *Champion* v. *Griffith,* 13 Ohio 228; *Massey* v. *Turner,* 2 Houston 79; *Gilpin* v. *Marley,* 4 Houston 284; *Pierce* v. *Irvine,* 1 Minn. 377; *Peckham* v. *Gilman,* 7 Minn. 446; *Powell* v. *Thomas,* 7 Mo. 440; *Smith* v. *Gorton,* 10 La. 374; *Martin* v. *Boyd,* 11 N. H. 385, 387; *Baker* v. *Robinson,* 63 N .C. 191; *Perkins* v. *Barstow,* 6 R. I. 507; *McCreery* v. *Bird,* 12 Rich. 554; *Carpenter* v. *Oaks,* 10 Rich. 17; *Burton* v. *Hansford,* 10 W. Va. 470, 481. Cases cited in Baylies on Sureties, etc., 29, note 4; 1 Parsons on Contr. (5th ed.) 243.

*Calhoon & Green,* for the appellant, in reply.

1. Counsel for appellee admit that the status of Polkinghorne is one of *intention.* If it was Polkinghorne's *intention* to be an accommodation indorser, then he is entitled to all the protection of one. *Clapton* v. *Hall,* 51 Miss. 486; *Simmons* v. *The State, ante.* The evidence clearly shows that the *intention* of Polkinghorne was to be accommodation indorser. Appellee relies upon *Good* v.

*Martin,* 5 Otto. 90, as sustaining their position that appellant was a maker. But *Good* v. *Martin* is a mere digest of cases, and after digesting them on all sides of the case, the opinion of the court is, " viewed in the light of these suggestions, it is clear that the first assignment of error must be overruled." In other words, the instruction as given was not error. It does not declare what the true rule is. It is clear also that the instruction as given in *Good* v. *Martin* was condemned in *Jennings* v. *Thomas,* 5 S. & M. 630, and 13 S. & M. 623. The contract was usurious. 26 Miss. 468. Noonan paid appellee as discount one hundred and sixty dollars when he received the money; the amount of money received was one thousand four hundred and forty dollars, which is the basis of the interest calculations. The note bears interest from *date,* hence the interest was not due on the contract sued on for one year. The suit being on the contract, the one hundred and sixty dollars deducted at the time the money was loaned could not be interest or discount, because by the terms of the contract the interest is not due until the note became due. Hence, there being only one thousand four hundred and forty dollars of money actually loaned, interest can only be calculated on that sum.

CAMPBELL, C. J., delivered the opinion of the court.

The legal import of the act of the appellant in writing his name on the back of the note payable to the appellee before its delivery to her, and to enable the maker to get the money from the payee, was to render him liable as an original promisor and co-maker of the note. He was a surety for the maker, Noonan, but the extension of time given upon pre-payment of interest, without the assent of the appellant, did not discharge him, because of the usury, which caused a forfeiture of all interest. Wherefore the forbearance was without consideration or legal obligation. *Roberts* v. *Stewart,* 31 Miss. 664.

The case of *Brown* v. *Prophit,* 53 Miss. 649, is not applicable because of the change in the statute as to interest. At the date of the transaction between the appellee and Noonan, taking more than ten per cent. interest per annum caused a forfeiture of all interest.

Code of 1880, § 1141.   A result of this is that the interest paid in
advance by Noonan was a payment of the principal to that extent.

That a special plea amounting to the general issue was formerly
a ground for a special demurrer, but "no pleading shall be deemed
insufficient for any defect which could heretofore be objected to
only by special demurrer."   Code of 1880, § 1567; Acts of 1878,
190; Code of 1857, 496, Art. 116.   It was therefore error to sus-
tain the demurrer to the special pleas as amounting to the general
issue, but the error is immaterial in view of the defense made
under the general issue as to the matter set up in the special pleas.
The judgment is excessive.   The plaintiff below attempted to cure
this error by a *remittitur*, but it was not for enough, as the calcula-
tion filed shows.

*Judgment reversed because of the error in amount, and judgment
may be entered here for the sum due.*