## G. W. HOLMES v. H. M. PRESTON ET AL.

1. BILL OF EXCHANGE. *Irregular indorser. Liability. Evidence.*

In an action on a bill of exchange against one who was not payee, and who is not shown to have been holder thereof, or to have had any connection with it except to write his name on the back, the mere introduction of the bill and the protest thereof for non-payment by the acceptor, will not entitle plaintiff to judgment. To fix liability on such defendant, there must be additional evidence showing the capacity in which he indorsed the paper, and notice of dishonor if his liability is secondary. *Thomas* v. *Jennings,* 5 Smed. & M., 630.

2. JEOFAILS. *Verdict. Insufficient evidence. Pleading. Code,* 1892, ¿ 746.

The statute of jeofails cures only defects of *pleading.* Where the facts are made of record by demurrer to evidence, they must show a right of recovery in order to sustain a verdict for plaintiff. If such right does not appear, after verdict, it will not avail plaintiff that the declaration, being insufficient, was not demurred to, and that the evidence fully supports the allegations that are made. *Reaves* v. *Dennis,* 6 Smed. & M., 89.

3. PRACTICE. *Inadvertence of counsel. Opportunity to supply evidence.*

The substantial rights of litigants should not be lost by the mere indiscretion of counsel when discovered during the progress of the trial, and

application to avoid its effect is promptly made, which, if granted, will result in no delay or injustice to the opposite party. Where, because of failure to make certain proof, a demurrer to evidence is interposed, and plaintiff seasonably applies for leave to make the further proof, it is error to refuse the application and compel a joinder in the demurrer.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge.

On September 17, 1891, Flash, Preston & Co., in New Orleans, La., drew a bill of exchange on T. C. Garrott, of Minter City, Miss., payable at the office of Chaffe, Powell & West, in New Orleans, December following. It was accepted by Garrott; and it seems that the appellant, Holmes, indorsed his name on the back thereof, but when, or for what consideration, does not appear.

Appellees brought suit on the bill against Garrott, as acceptor, and Holmes, as indorser. The declaration alleges that Garrott was indebted to plaintiffs, and, in consideration thereof, accepted the bill; that Holmes, for a valuable consideration, indorsed it; that it was duly presented, and was protested for non-payment, whereby defendants became liable to pay, etc. It does not aver that notice of dishonor was given to Holmes.

Defendants pleaded the general issue and set-off, and Holmes filed an additional plea that his indorsement was without consideration. To this latter plea plaintiffs replied that Holmes indorsed the bill at the time it was accepted by Garrott, as additional security.

On the trial, plaintiffs introduced in evidence only the bill of exchange and a notarial certificate showing protest thereof for non-payment and notice to plaintiffs. Defendants demurred to the evidence, whereupon plaintiffs asked leave of the court to introduce further proof, which was refused, and they excepted.

Issue being joined on the demurrer, the same was overruled, and plaintiffs had judgment, from which the defendant, Holmes, appealed.

*Southworth & Stevens*, for appellant.

The judgment must be reversed because of the failure to show notice of dishonor as to the indorser, Holmes, who was only secondarily liable.    2 Daniels on Neg. Inst., § 970 ; Tied. on Com. Paper, § 336 ; 3 Randolph on Com. Paper, 1239.

Plaintiff must show notice affirmatively.    Tied., § 348 ; *Insurance Company* v. *Emerson,* 4 Smed. & M., 177.    And the proof must be clear and satisfactory.  *Downs* v. *Bank,* 1 *Ib.,* 261.

*S. R. Coleman*, on the same side.

If the rule announced in *Stiles* v. *Inman,* 55 Miss., 469, is the law, judgment should have been in favor of appellant.

*Rush & Gardner*, for appellees.

The declaration does not charge that notice of protest was given.    There was no demurrer, and it was sufficient to uphold the verdict.    It was not necessary to prove more than was alleged in the declaration.    Appellant could waive notice, and this he did by not objecting to the declaration.

The acceptor is a party primarily liable, and, as to him, no notice was necessary.    Tied. on Com. Paper, §§ 209, 334. The fact that the record does not show that the notary gave notice, does not make it certain that appellant was not in fact notified.    If he received notice from plaintiffs, that was sufficient.    It will be presumed that the notary did his duty as to this; but, if not, it is too late for appellant to complain.    The declaration and the draft and protest make a *prima facie* case, and there was no proof to overcome it.

Cooper, J., delivered the opinion of the court.

While we would have preferred the rule that the liability of an irregular indorser of a negotiable instrument was *prima facie* that of a co promisor with the party primarily bound, we are precluded from adopting it by former decisions of this court.

In the case of *Thomas* v. *Jennings,* 5 S. & M., 630, reported also on another appeal in *Jennings* v. *Thomas,* 7 S. & M., 617,

the rule was declared that the liability of such party was determinable by the nature of the transaction, which must be proved by evidence other than that afforded by the instrument itself. In other words, that a defendant, not connected with a promissory note or bill of exchange otherwise than by such irregular indorsement, may be charged as maker, acceptor, indorser or guarantor, as the evidence may disclose his contract to have been, and that the instrument alone is not sufficient evidence to charge him in either capacity.

In *Polkinghorne* v. *Hendricks*, 61 Miss., 366, it is decided that one who, by irregular indorsement, by writing his name on the back of a negotiable instrument, before its delivery, for the purpose of giving credit to the party primarily liable thereon, becomes liable as a co-promisor with such person.

Under the decisions in *Thomas* v. *Jennings*, the evidence of the plaintiffs, which consisted only of the bill of exchange and its protest, was insufficient to uphold a verdict against the appellant, Holmes.

But the appellees contend that, since the facts set out in the declaration are supported by the evidence, the defendant has lost all right to object to their sufficiency by failing to demur to the declaration; that a judgment in their favor on a demurrer to the evidence is to be considered just as the verdict of the jury would have been, and that the defect is cured by the judgment of the court on the demurrer, by that provision of the statute of jeofails, which declares that "no judgment shall be stayed or reversed, after verdict, . . . from any mispleading, insufficient pleading, . . . or for omitting the averment of any matter without proving which the jury ought not to have given such verdict." Code 1892, § 746.

This contention by appellees is upon the assumption that the defect of evidence goes only to the extent of a failure to prove that notice was given to appellant of the dishonor of the bill; and the argument is, that, since the declaration did not aver such notice, the appellant, by failing to demur

to the declaration, waived the defense of want of notice. There are two replies to this. The first is that, under the rule announced in *Thomas* v. *Jennings,* the mere production of the note was insufficient to fix any liability upon Holmes. The second is that the statute of jeofails cures only defects of pleading, and not those of proof.

If a defectively stated case is well proved, the verdict cures the defect of the pleading, and so, after verdict, nothing to the contrary appearing in the record, it would be presumed that a case was proved entitling the successful plaintiff to the verdict secured; but when the evidence is made a part of the record by a demurrer thereto, or by general bill of exceptions upon motion for a new trial overruled, the court must find sufficient evidence to support the judgment or verdict before it can be permitted to stand. A defectively stated cause of action cannot occupy a stronger position than one correctly averred, and a verdict under either must find support in the evidence. *Reaves* v. *Dennis,* 6 S. & M., 89.

The judgment on the demurrer should have been for the defendant, but to render that judgment here would be to preclude the plaintiffs from the opportunity of making out their case. They seasonably applied to the court for leave to make further proof, which was denied them, and they were forced to join in the demurrer. Since the judgment of the court below was in their favor, they cannot now assign error of the action of the court in refusing them leave to supply the defect of evidence. This the court should have permitted to be done. The substantial rights of litigants should not be lost by reason of the mere slip or inadvertence of counsel when discovered during the progress of the trial, and application to avoid its effect is promptly made, which, if granted, would result in no delay or injustice to the adversary party. The plaintiffs are not entitled to retain the judgment they have secured, but, to preserve the rights of both parties, we will reverse the judgment, discharge the demurrer to the evidence, and remand the cause.