## W. P. RICHARDSON *v.* B. P. FOSTER.

1. PROMISSORY NOTE. *Irregular indorsement. Parol evidence to explain.*

   Where the name of the defendant appears upon the back of a promissory note by irregular indorsement, parol evidence is admissible to show the character in which he signed.

2. NOTE OF PARTNER. *Firm name indorsed before delivery.*

   Where the firm name of a partnership is indorsed by one of the partners upon a note payable to plaintiff's order that on its face purports to be his individual note, the testimony of the plaintiff is admissible to show that the indorsement was cotemporaneous with the execution of the note, and made to bind the firm as co-promisors.

3. SAME. *Inconsistent words above indorsement.*

   The admissibility of the testimony of the plaintiff is not affected by the fact that, above the firm name, there are written on the back of the note the words, "We hereby waive notice, demand and protest, and all other formalities," for, if the indorsement was in fact made prior to delivery of the note, these words are inconsistent with and will not be allowed to control or vary the obligation of the firm as co-promisors.

4. PRACTICE. *Evidence inappropriate to real issue. Motion to exclude necessary.*

   Where, in an action on a promissory note, certain evidence is admis-

---

---

° sible under a count for money had and received, but not°under a
count on the note, and the plaintiff wholly fails to maintain the
count for money had and received, the admission of the evidence
will not be reviewed on appeal, where the defendant, on the fail-
ure of plaintiff to maintain the count for money had and received,
took no steps to have the evidence excluded from the jury.

5. INTOXICATION OF JUROR.    *Failure to object.*

Where a party to a cause, having knowledge that one of the jurors
is intoxicated, allows the trial to proceed without objection, he is
precluded from making the objection on appeal, and the fact that
the court below also knew the juror's condition, and punished him,
does not relieve of its effect the failure to object at the proper time.

FROM the circuit court of Bolivar county.

HON. R. W. WILLIAMSON, Judge.

The opinion states the case.

*J. H. Wynne* and *Nugent & Mc Willie*, for appellant.

The note, and writing on the back, constituted the contract,
and parol evidence was inadmissible to explain it.    The ground
upon which parol evidence is admitted in the case of irregular
indorsements is that the position of the name upon the paper
is one of ambiguity.    Such an indorsement is not a complete
contract, but rather evidence of authority to write over it the
contract that was entered into, which, in the absence of any
such writing, may be disclosed by parol evidence.    Daniel on
Neg. Inst., § 711.

Parol evidence is not admissible to explain a written instru-
ment that is unambiguous, and, if a party writing his name on
the back of a commercial instrument expressly designates the
character of his signature, such as indorser, guarantor, and the
like, parol evidence is inadmissible, since the express descrip-
tion removes the ambiguity, and leaves nothing to be explained.
Tied. on Com. Paper, § 273.    So, the words: " We hereby
waive notice, demand, protest and all other formalities," writ-
ten above the indorsement of the firm name of W. E. Ringo &
Co., have no relation to the obligations of a principal debtor,

and plainly show that the firm was an accommodation indorser merely.

The testimony of Ringo that the money borrowed was used in the business of the firm, should not have been admitted. The use to which it was put was immaterial. The liability is determined by ascertaining to whom it was loaned. *Pickels* v. *McPherson*, 59 Miss., 217; *Moore* v. *Stevens*, 60 Miss., 809; *Pollock, Admr.*, v. *Williams*, 42 Miss., 88; Story on Part., § 134; 17 Am. & Eng. Enc. L., p. 1031, note.

The evidence as to the use of the money was inadmissible, because it was not offered until plaintiff had shown that the money was loaned upon the written contract, and thereby precluded himself from any recovery on the common count for money had and received. Richardson was forced to introduce evidence to meet it, and a contest was thus inaugurated over an immaterial point, a false issue, which was well calculated to mislead the jury.

The jury were erroneously instructed, at the instance of appellee, that, if Ringo borrowed the money for the use of the firm, and gave the notes sued on, Richardson was liable, and these instructions conflict with the fourth and fifth instructions given for the appellant, whereby the jury were told that liability was to be determined by the use for which the money was borrowed. The jury were thus left without a guide. *Solomon* v. *Compress Co.*, 69 Miss., 319; *Chapman* v. *Copeland*, 55 Miss., 476; *Cunningham* v. *State*, 56 Miss., 269.

The action of the court below in giving the third instruction for the appellee, and in refusing the sixth instruction for the appellant, and the peremptory instruction asked by him was erroneous, for the reason that it negatives the view that appellant was discharged by the conduct of appellee in accepting security from Ringo and extending the time for the payment of the note. Even as principals or joint makers they would be thereby discharged. *Smith* v. *Clopton*, 48 Miss., 66; *Brown* v. *Prophit*, 53 Miss., 649; *Polkinghorne* v. *Hen-*

*dricks*, 61 Miss., 366; 1 Bates on Part., § 341; Byles on Bills, p. 108.

One of the juror's was drunk on the afternoon preceding the argument before the jury, and the court observed his condition, and, after telling counsel for both parties that he would punish him and suspend the trial until the following morning, if no objection was offered, sent the juror to jail for the night. In response to the remark of the court, counsel for appellant observed that he had no objection to the juror being punished, but that he reserved his right to move for a new trial on account of his drunkenness. In view of these facts, a new trial should have been granted.

*Yerger & Percy* and *N. B. Scott*, for appellee.

The legal import of the act of one of the partners in putting the name of W. E. Ringo & Co. on the back of the note, before its delivery to the appellee, and in order to get the money from him, bound the firm as original promisors and co-makers of the note. *Polkinghorne* v. *Hendricks*, 61 Miss., 366; *Good* v. *Martin*, 95 U. S., 90; *Milton* v. *Brown*, 25 Fla., 461; *Mc-Cullum* v. *Driggs*, 17 So. Rep., 407; *Schneider* v. *Scheffins*, 20 Mo., 571; *Irish* v. *Culter*, 31 Mo., 536; *Bryant* v. *Eastman*, 7 Cush. (Mass.), 111; *Benthal* v. *Judkins*, 13 Met. (Mass.), 265; *Colburn* v. *Averill*, 30 Me., 310.

No testimony to vary the contract was admitted. The testimony admitted to explain the nature of the transaction was not only admissible, but also essential on the part of the appellee. *Jennings* v. *Thomas*, 13 Smed. & M., 617; *Holmes* v. *Preston*, 70 Miss., 152.

The question as to the true nature of the transaction was in dispute. The appellee contended that the note sued on was executed and delivered as the note of W. E. Ringo & Co. for money loaned to that firm, and not W. E. Ringo, and was made and delivered to bind the firm and enable it to get the money from him. The appellant, on the other hand, con-

tended that the money was loaned to W. E. Ringo, individually, and that the firm name was written on the back of the note without authority, and as surety only.   Parol evidence of the facts and circumstances attending the transaction was clearly admissible to determine the intention of the parties.   Story on Prom. Notes, §§ 58,   59;   Story's Pr.,   § 479;   *Brewster* v. *Silence,* 8 N. Y., 207;  *Leonard* v.  *Vredenburg,* 8 Johnson (N. Y.), 29; *Hall* v. *Farmer,* 5 Den. (N. Y.), 484; *Good* v. *Martin,* 95 U. S., 97.

If it was true, as appellee testified, that the money evidenced by the note was loaned to W. E. Ringo & Co., there can be no question but that W. E. Ringo had, as a partner, the right to sign the partnership name to the note in which it was signed, and that the appellant is bound by all the statements, representations and admissions made by Ringo in regard to the transaction prior to the dissolution of the firm of W. E. Ringo & Co., and all of these complained of by appellant were made by Ringo prior to that event.   *Faler* v. *Jordan,* 44 Miss., 283; *Currie* v. *Kurtz,* 33 Miss., 24;  *Maxey* v. *Strong,* 53 Miss., 280; 1 Greenl. on Ev., § 112, p. 128;  *Winship* v. *Beck,* 5 Peters (U. S.), 520; *Bank of Kentucky* v. *Brocking,* 2 Litt., 41; *Cavazos* v. *Treoni,* 6 Wall., 775.

Where there is no evidence to show to whom the credit was given, the fact that the money borrowed by the partner goes to the use of the firm, as in this case, raises a presumption that the loan was made to him as a partner, and, if not rebutted, will render the firm liable.   Parsons on Con., pp. 104, 105, and notes.   Inasmuch as the note was not a negotiable note, there could be no indorsement of it.   1 Daniel on Neg. Inst., §§ 666, 709, 710, 713, 713*a,* 713*b.*   Ringo was the agent of W. E. Ringo & Co. so far as the business was concerned, and the money having gone to the use of the firm, the firm cannot repudiate his act without restoring the money, even if he exceeded his authority.   *Fairley* v. *Nash,* 70 Miss., 201.

The sixth, seventh and eighth instructions asked by appel-

lant were properly refused, because W. E. Ringo & Co. were co-promisors and principal debtors, and were not in anywise relieved of liability by the extension of payment. There was certainly doubt on the facts of the case, and the peremptory instruction asked by appellant was properly refused. *Swain* v. *Ins. Co.*, 52 Miss., 704; *Dillon* v. *Patterson*, 66 *Ib.*, 204; *Lowenstein* v. *Powell*, 68 *Ib.*, 73; *Armour* v. *Bank*, 69 *Ib.*, 700. The appellant waited too long to complain of the intoxication of the jury. He should have asked for a mistrial, instead of taking the chances of a favorable verdict, and then moving for a new trial on this ground, when the case had gone against him. *Berry et al.* v. *De Witt et al.*, 27 Fed. Rep., 724; *State* v. *Tuller*, 34 Conn., 280; *Ice Machine Co.* v. *Trenton Hygiene Ice Co.*, 57 Fed. Rep., 901.

Argued orally by *J. H. Wynn* and *W. L. Nugent*, for the appellant, and by *W. G. Yerger*, for the appellee.

COOPER, C. J., delivered the opinion of the court.

Foster brought this suit against W. E. Ringo individually, and against W. E. Ringo and W. P. Richardson, late partners in trade under their firm name of W. E. Ringo & Co., upon the following note:

"$3,800.                    MOUND LANDING, MISS., April 3, 1893.

"On January 1 after date I promise to pay to the order of B. P. Foster thirty-eight hundred dollars, value received, with interest at the rate of eight per cent. per annum from maturity until paid.                    (Signed) W. E. RINGO."

Indorsed on back: "We hereby waive notice, demand, protest and all other formalities.    (Signed) W. E. RINGO & Co."

The declaration contains three counts. In the first, all parties are sued as makers. In the second, Ringo is sued as maker, and Ringo & Co. as indorsers. The third is a common count for money lent to the defendants or paid out and expended for their benefit.

The defendant, Ringo, made no defense, and a judgment by default was taken against him, from which no appeal is prosecuted. The appellant, Richardson, pleaded, under oath, that the name of the firm was not signed to the note as maker or indorser thereof by authority of said firm, and that the same was not the signature of said firm, and, to the third count, he pleaded *non assumpsit*. The said defendant further pleaded specially (1) that the name of Ringo & Co. was written on the back of said note as surety or accommodation indorser, and that, in August, 1894, the plaintiff, in consideration of security given him by Ringo, individually, extended the time for the payment of said note until November, 1894, without the consent of this defendant, and (2) that, in consideration of security given to the plaintiff by Ringo, in August, 1894, the plaintiff agreed not to make any claim against the firm of Ringo & Co. on their indorsement on said note, on all of which pleas issue was joined.

On the trial, the plaintiff read in evidence the instrument sued on, and was then sworn as a witness. He was proceeding to state the circumstances under which the note was given, and that the firm name was indorsed on the back thereof as co-promisors with Ringo, and contemporaneously with his signing; that, in truth, the sum named in the note was loaned to said firm, and on its credit, and not to Ringo, whose name is signed to the note, when the defendant, Richardson, objected to the competency of any oral testimony, on the ground that its effect would be to contradict the written contract of the parties. This objection was by the court overruled, and the testimony admitted, and this ruling gives rise to the principal assignment of error.

Counsel for appellant concede that where the name of one, and nothing more, appears upon the back of an instrument by irregular indorsement, parol evidence is admissible to show the character in which he signed, as has been frequently decided by this court. *Thomas* v. *Jennings,* 5 Smed. & M., 627;

*Jennings* v. *Thomas*, 13 Smed. & M., 617; *Polkinghorne* v. *Hendricks*, 61 Miss., 366; *Holmes* v. *Preston*, 70 Miss., 152. But it is contended by counsel that parol evidence is admissible under such circumstances, because only of ambiguity, and it is said that the rule cannot apply here, because above the name of Ringo & Co. are written the words, "We hereby waive notice, demand and protest, and all other formalities," which words counsel contends are appropriate only when applied to indorsers, and so, by legal intendment, the contract of Ringo & Co. should be held, on the face of the writing, to be that of indorsers. But counsel disregards the controlling rule, that if the indorsement was made before the delivery of the note, the liability of Ringo & Co. is fixed by law as that of original promisors and co-makers of the note. *Polkinghorne* v. *Hendricks*, 61 Miss., 366. If in law such was the nature of the obligation of Ringo & Co., the use of inconsistent and inappropriate words written above their names could not control nor vary the contract.

*Pearson* v. *Stoddard*, 9 Gray, 199, is on all fours with the present case. In that case the name of Darius Whithead appeared on a promissory note by irregular indorsement, and the words "waiving demand and notice" were written above it. There, as here, it was argued that these words controlled the character of the indorsement. But the court said: "The words 'waiving demand and notice,'" written above the name of the defendant, although certainly more appropriate words to accompany an indorsement of a note by a regular indorser, yet do not change the relation of the defendant, or his liability to be charged as maker, if, in fact, when he signed the note the same had not been negotiated by the payee and indorsed by him. The evidence shows that this was the fact, and of course controls any inference which might otherwise be drawn from the use of the words."

The appellee, Foster, and Ringo were examined as witnesses touching the transaction in which the note sued on was exe-

cuted—the appellee in his own behalf, and Ringo as a witness for the appellant. They concur in the statement that the note was delivered to the appellee in the form it now appears, with the name of Ringo subscribed thereto and that of Ringo & Co. indorsed on the back, for the purpose of securing from the appellee a loan of the sum of money for which it was given, and, this fact being proved, it follows, from what we have said, that Ringo & Co. were liable as co-promisors with W. E. Ringo. But, as to all other substantial circumstances, these witnesses are in direct and irreconcilable conflict. Ringo testifies that the loan was made to him personally, to enable him to pay a balance standing against him on the books of his firm, and that he wrote his firm's name on the back of the note, intending to bind it as his surety or accommodation indorser. The appellee testifies that he would not have loaned the money to Ringo individually; that, having the money in hand, he spoke to Ringo, who was the resident and managing partner of the firm, and asked him if he should learn of anyone desiring to borrow such a sum, to inform appellee of the fact; that, a few days thereafter, Ringo came to him and said: " 'I find that we can use the money here.' He got a lot of securities, I think amounting to five or six thousand dollars, in notes, and he and I went over the same, and he said, 'I have a mortgage on some property,' but he did not have it with him, but that he would get it and give that security with the firm's note. I told him I thought he could get the money. Soon after that he drove down to my house see about the money. I carried the money up the next day, and he made the note in its present form, and he said, 'The mortgage that I hold is in the bank, and I will deliver all the securities at once.' When the note was drawn this way, I asked him was that binding on Ringo & Co., and he said, 'Yes; I waive all demand, protest and formalities,' and that the note was as binding as he could make it on Ringo & Co."

It was proved by the appellant that he never had any knowl-

edge of the execution of the note, and that, after its maturity, the appellee received security from Ringo, in consideration whereof he extended the payment of the note for several months. On this phase of the case the appellant contends that Ringo had no authority to bind the firm as his surety, and, if he had, that the subsequent extension of time for the payment of the debt, without his consent, released him from all liability. But in this it is assumed that the relation of the firm was that of surety; that the money was loaned to Ringo personally, and not to the firm, and the verdict of the jury, which in this aspect of the case was correctly instructed, resolves this point in favor of the appellee.

The appellant objected in the court below to the introduction of evidence that the money loaned by the appellee went to the use of the firm of Ringo & Co., contending that the liability of the firm, if any existed, must spring from the contract under which the money was borrowed, and not from the use of the money after it had been loaned to Ringo.

We think it clear, from the instructions given and refused by the court, that this evidence was admitted under the count for money had and received, under which it was clearly admissible, but that the court, on the final submission of the cause to the jury, being of opinion that no recovery could be had on that count, so instructed the jury. We express no opinion as to the competency of the evidence under the count on the note. If counsel desired to reserve this exception, he should have moved the court to exclude the evidence when the testimony had been closed, and the plaintiff had failed to maintain the count for money had and received to his use.

The criticism of the charges for the plaintiff, in view of the instructions given for the defendant, is too refined. The instructions for the parties do not conflict, but those for the defendant supplement and explain those for the plaintiff. It is impossible to believe that the jury could have understood the instructions of the court as announcing liability on the part of

appellant if the money was loaned to Ringo personally, and afterwards used by the firm.

Having proceeded with the trial after knowing that one of the jurors was under the influence of intoxicants, the defendant cannot assign that for error. It is not material that the court also knew the fact, and punished the juror. It remains true that the defendant, with knowledge of the fact, proceeded without objection with the trial, and took the chance of securing a verdict in his favor. It is this which precludes him from making the irregularity the ground of motion for a new trial.

*The judgment is affirmed.*