MERCHANTS & FARMERS BANK *v.* JOSEPHINE CALMES.

1. PLEADINGS. *Special plea. General issue. Demurrer.*

A special plea is not demurrable because it amounts to the general issue.

2. GUARANTY. *Not continuing.*

A guaranty of all amounts that may be due from the original debtor, within a designated sum, is not a continuing one.

FROM the circuit court of Noxubee county.

HON. GUION Q. HALL, Judge.

The Merchants & Farmers Bank, appellant, was plaintiff, and Mrs. Calmes, appellee, was defendant, in the court below.

The suit was upon a written contract of guaranty in these words: "Brooksville, Miss., December 6, 1898.  We hereby guaranty the account of Calmes & St. John Co., with the Merchants & Farmers Bank of Macon, Miss., to the amount of $2,500.  It is agreed and understood that this guaranty is to cover all amounts which above firm may owe the said bank to the above specified amount.  (Signed) W. P. Calmes, Josephine Calmes."

Defendant filed several pleas.  The plaintiff demurred to one of them because, as was contended, it amounted only to the general issue.  The other pleadings were all resolvable into the question whether the guaranty sued upon was or was not a

continuing one. The court below decided for defendant, and the plaintiff appealed to the supreme court.

*J. E. Rives,* for appellant.

"A special plea which amounts only to the general issue is bad." *Alexander* v. *Eastland,* 37 Miss., 554; *Wallace* v. *Seales*. 36 Miss., 53; *Moore* v. *Michiel,* Walker (Miss.), 231; *Bingham* v. *Sessions,* 6 Smed. & M. (Miss.), 13; *Anderson* v. *Patrick,* 7 How (Miss.), 347.

Where a guaranty is intended to cover several credits or transactions, and not one single indebtedness, such a guaranty is a continuing guaranty. Brandt on Suretyship, Sec. 130; *Boehne* v. *Murphey,* 2 Am. Rep., 485.

A wife assigned certificate of stock to the creditor of her insolvent husband for security for payments of any demands the creditor may from time to time hold against him. This was adjudged a continuing guaranty. *Merchants' National Bank of Whitehall* v. *Hall,* 38 Am. Rep., 434.

This honorable court held that the following was a general letter of credit, with the same force and effect of a continuing guaranty:

"Dear Madam: Your favor of the 19th inst., just received. You are authorized to draw on N. G. Nye for the sum of $300 placed with Judge Nye for your account by M. W. Richardson. Any amount you may wish to draw on N. G. Nye we will pay the money here with usual exchange.

"Very respectfully,                          THOS. E. HELM."

"To Mrs. Willie G. Wills."

See *Pollock* v. *Helm,* 54 Miss., 1.

In Brandt on Suretyship and Guaranty, where the author gives instances of the courts holding guarantys to be not continuing ones not a single case is applicable to the case at bar, but on the other hand among the instances referred to by Mr. Brandt, in which guarantys are held by the court to be continuing ones.

there are several cases that are on all-fours with the case at bar. Brandt on Suretyship and Guaranty, section 130 to 134, inclusive; *White's Bank* v. *Miles,* 29 Am. Rep., 157; *Taussey* v. *Reid,* 36 Am. Rep., 504; *Bank* v. *Tolbert,* 50 Am. St. Rep., 385, and note on p. 388; 14 Am. & Eng. Enc. Law, 1139 and note.

*S. A. Witherspoon,* for appellee.

If it be true, as claimed in the demurrer, that the seventh plea amounts to the general issue, this would not be a good ground of demurrer, as was expressly held in *Polkinghorne* v. *Hendricks,* 61 Miss., 366.

That the guaranty sued on was intended to secure only the then existing indebtedness to the amount of $2,500, and that it had no reference to the contraction of future debts is apparent from the words of the guaranty itself.

The verb guaranty is in the present and not in the future tense showing that the writer of the guaranty was thinking of the present and not of the future. The word account, as used in the first sentence of the guaranty, must have had reference to the then existing indebtedness, because there was then no future account to which it could apply. If the writer of the guaranty in using the word account had been considering some account to be created thereafter, it is certain that he would have qualified the word account by some expression which would have properly described an account not then existing, but to be thereafter created.

In the second sentence of the guaranty we have four verbs all in the present tense and not one in the future tense.

If the guaranty sued on be construed to relate entirely to the present and not embrace future transactions, it would necessarily be a limited and not a continuing guaranty, but even if it be construed to refer to the future as well as the present, it does not necessarily follow that it is a continuing guaranty.

This is illustrated by many cases in the books. *Fellows* v. *Prentiss,* 45 Am. Dec., 484; *Gard* v. *Stevens,* 86 Am. Dec., 53; *Columbus Sewer Pipe Co.* v. *Gonser,* 55 Am. Rep., 697, 58 Mich., 385, 8 John., 119, 54 Pac., 1062; *White* v. *Reed,* 15 Conn., 457, 2 Am. Rep., 486; *M. N. B.* v. *Hall,* 38 Am. Rep., 440; *Twohy* v. *McMurran,* 59 N. W., 301, 54 N. E., 344; *Cuttler* v. *Ballou,* 186 Mass., 337.

The bill of particulars filed with the amended declaration shows that the account exceeded $2,500 at the close of business on the 6th day of December, 1898, and that thereafter payments were made and credited on the account to the entire amount of $20,000. This payment had the effect of satisfying the entire indebtedness due on the 6th day of December, 1898, and thereby discharged the guarantor from all further liability.

CALHOON, J., delivered the opinion of the court.

We think there was no error in overruling the demurrer to the seventh plea. It is more than a plea of the general issue, and, if it were not more, it is not for that reason demurrable. *Polkinghorne* v. *Hendricks,* 61 Miss., 366. We think the guaranty was not a continuing one, and was confined to the account as of its date, December 6, 1898. This goes to the root of the case. The demurrer to the replication to the ninth plea was properly sustained.

*Affirmed.*