HESSIG-ELLIS DRUG CO. *v.* PARKS.[*]

(Division B.   April 2, 1928.)

[116 So. 435.   No. 27007.]

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1175, n. 44; Guaranty, 28CJ, p. 959, n. 21, 22; As to when a guaranty is a continuing one, see annotation in 39 L. R. A. (N. S.) 724; 12 R. C. L. 1062; 2 R. C. L. Supp. 1538; 6 R. C. L. Supp. 737.

*J. M. Forman,* for appellant.

324

*Ward Allen,* for appellee.

*J. M. Forman,* in reply brief for appellant.

Argued orally by *J. M. Forman,* for appellant.

PACK, J.   Appellant sued appellee upon a guaranty. Appellee demurred to the declaration, raising the point that the guaranty was special, and was not continuing. The guaranty reads as follows:

"For and in consideration of one ($1) and other consideration, receipt of which is hereby acknowledged, I guarantee to the Hessig-Ellis Drug Company, Memphis, Tenn., the account of S. C. Atkinson or Atkinson Pharmacy, Drew, Miss., for purchases sold on and after February 1, 1922, for an amount not to exceed two thousand dollars for goods, wares, and merchandise sold and delivered after this date as shown by their books, either in the shape of notes or open account.

"Signed this the 17th day of May, 1922.
"R. R. Ellis, Witness.                               R. W. Parks."

Atkinson Pharmacy, the debtor, was adjudged a bankrupt in January, 1927, owing appellant one thousand eight hundred eighty dollars and ninety-five cents. This indebtedness was made up of items sold by appellant to debtor during 1926.   The trial court sustained the demurrer, effectually holding it was not a continuing guaranty.

The question before us is a construction of the guaranty.   In *Standley* v. *Miles,* 36 Miss. 452, this court held, in construing a contract of guaranty:

"If the language employed be uncertain or doubtful in its import, the true intention must be ascertained, by reference to facts and circumstances accompanying the

execution of the instrument; and this may be done without a violation of any rule of law in relation to adding to or contradicting written instruments"—citing *Drummond* v. *Prestman*, 12 Wheat. (U. S.), 515, 6 L. Ed. 712; *Bell* v. *Bruen*, 1 How. (U. S.) 169, 186, 11 L. Ed. 89; *Lee* v. *Dick et al.*, 10 Pet. (U. S.) 482, 493, 9 L. Ed. 503.

The language of this guaranty is ambiguous. Without knowledge as to the circumstances surrounding the parties at the time of its execution, and not being enlightened as to whether the parties themselves treated the instrument as a continuing guaranty, it is made difficult to place a clear construction thereon. Thus confronted, we think the court below should have heard what testimony, if any, the parties had to offer that would shed light on the situation—the circumstances accompanying the execution, the subsequent dealings between the parties. In other words, did the parties themselves treat it as a continuing guaranty?

After the proof is developed the court can, of course, determine if it is a case for a directed verdict, or an issue of fact for the jury. 12 R. C. L. 1062; case note 39 L. R. A. (N. S.), 727; *First National Bank* v. *Waddell*, 74 Ark. 241, 85 S. W. 417, 4 Ann. Cas. 818.

Appellee relies upon *Bank Merchants' & Farmers'* v. *Calmes*, 82 Miss. 603, 35 So. 161. The court was considering the particular instrument there involved. No rule of construction was laid down. The language there employed was unambiguous. Quite different here.

It follows that this case should be reversed and remanded.

*Reversed and remanded.*