ROGERS *v.* DETROIT SAVINGS BANK.

146  639
f152  ⁴175

1. BILLS AND NOTES.—INDORSERS—RIGHTS—ENFORCING PAYMENT.
   The holder of a promissory note who is its owner owes no duty to an indorser to take steps to enforce payment as soon as it becomes due.

2. SAME—DELAY OF HOLDER.
   An ordinary indorser of a negotiable note is not discharged from liability by mere delay or refusal on the part of the holder to sue the maker for any period short of that fixed by the statute of limitations, where the indorser's liability has been duly fixed by demand, protest, and notice, though the maker may become insolvent during such delay; the remedy of the indorser in such case being to pay the debt himself and then enforce his rights against the principal debtor.

3. SAME—ACTION—PAYMENT BY INDORSER.
   In an action by the indorser of a note who has paid the same against his indorsee for negligence in failing to present an indemnity bond with the copy of the note presented on the day it was due, the note having been lost, plaintiff cannot complain that the presentment was insufficient to obligate the maker to pay the note, if it was in fact sufficient to charge plaintiff with the liability of an indorser; and he having paid the note and thereby admitted the sufficiency of the presentation to so charge him, such admission is conclusive.

4. APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED—THEORY BELOW.
   A claim that the evidence required the submission of the case to the jury on a certain theory not advanced below will not be considered on error.

Error to Wayne; Brooke, J. Submitted November 13, 1906. (Docket No. 115.) Decided December 17, 1906.

Assumpsit by Charles T. Rogers against the Detroit Savings Bank for the amount of a promissory note lost through defendant's negligence. There was judgment

for defendant on a verdict directed by the court, and plaintiff brings error.    Affirmed.

*C. C. Yerkes* and *P. B. Bromley*, for appellant.

*Miller, Smith, Alexander & Paddock*, for appellee.

CARPENTER, C. J.    Plaintiff is a member of Charles T. Rogers & Sons, a partnership composed of himself and his two sons.    That partnership owned a negotiable note for $1,450, dated April 24, 1900, due June 25, 1900, payable to its order at the First National Bank at Erie, Pennsylvania.    Plaintiff, acting for the partnership, indorsed this note and delivered it to defendant.

It is the claim of plaintiff's counsel that defendant took this note as collateral security for the payment of an indebtedness.    We cannot approve this claim.    It was conceded in the lower court—and we must dispose of the case in accordance with that concession—that the note was discounted by defendant.    June 12, 1900, defendant, for the purpose of having the note collected, sent it by mail to defendant's correspondent in Cleveland.    It was lost in transit and never delivered.    A copy, however, was duly presented to the maker; payment was refused, and it was duly protested.    On the 8th of August, 1900, defendant furnished the maker a bond of indemnity, but in the meantime the maker had failed and in consequence only about 10 per cent. of the amount of the note was ever paid by it.    The evidence warrants the inference that if the note had not been lost, or if a proper bond of indemnity had been furnished at the time it became due, the maker would have paid the entire amount of the note. Plaintiff having, in recognition of his liability as indorser, paid the note, brought this suit to recover damages.    The case was tried in the court below before a jury and a verdict directed in defendant's favor.    It was the claim of plaintiff that he was entitled to recover the damages because of defendant's negligence.    He claims that defendant was negligent in losing the note and in failing to

give a bond of indemnity at the time the note was presented for payment.

The way this negligence affected plaintiff, and the only way it affected him, was to postpone collection for a time during which the maker became insolvent. To sustain plaintiff's claim, it is necessary to declare that the holder of a note like the defendant, who was the owner (*Fredonia Nat. Bank* v. *Tommei*, 131 Mich. 674; *Davenport* v. *Stone*, 104 Mich. 521) is under an obligation to an indorser to take steps to enforce payment as soon as it becomes due. This is not the law.

"In the absence of statute or special agreement, an ordinary indorser of a negotiable bill or note is not discharged from liability by mere delay or refusal on the part of the holder to commence or prosecute a suit against the maker or accepter for any period short of that fixed by the statute of limitations, where the indorser's liability has been duly fixed by demand, protest, and notice, although the maker or accepter may become insolvent during such delay. * * * In such a case the remedy of the indorser is to pay the debt himself and then enforce his rights against the principal debtor." 7 Cyc. p. 904.

See, also, *East River Bank* v. *Kennedy*, 9 Bosw. (N. Y.) 543; *Smith* v. *Erwin*, 77 N. Y. 466; *Ashton* v. *Sproule*, 35 Pa. 492; *Way* v. *Dunham*, 166 Mass. 263.

Plaintiff's counsel also urge that the presentment of the copy of the note was insufficient because it was unaccompanied by tender of a bond of indemnity. Plaintiff cannot complain that the presentment was insufficient to obligate the maker to pay the note, if it was in fact sufficient to charge him with the liability of an indorser. The question of its sufficiency to charge him with such liability was one to be determined when he was called upon to pay the note. By paying it he admitted its sufficiency. See *Brown* v. *Mechanics & Traders' Bank*, 16 App. Div. (N. Y.) 207; *Linthicum* v. *Caswell*, 19 App. Div. (N. Y.) 541; *Perry* v. *Rhodes*, 2 Cranch C. C. (U. S.) 37; and *Hughes* v. *Bowen*, 15 Iowa, 446. This admission is

conclusive, and it is not open to re-examination in this litigation.

Nor can it be said that when plaintiff paid the note he did not know that presentment was made in the manner it was. His own testimony indicates that he knew the note was lost before presentment, and that no bond of indemnity was tendered until several days afterward.

Plaintiff testified that three or four days after the maturity of the note, defendant's cashier informed him that he had already sent a bond of indemnity. It is now contended that this testimony (which is contradicted by defendant) warranted the submission of the case to the jury, because it is claimed they might have inferred that plaintiff, by reason of this false statement, omitted to pay the note and take steps which would have resulted in its payment by the maker before its insolvency. It is doubtful if this claim is warranted by the pleadings or by the testimony. If it is, it is a claim which should have been made on the trial in the lower court, and it was not so made. It was not apprehended by the trial court or by opposing counsel, and it was not obvious. The case was tried in the lower court upon the theory that no such claim was made, and we must hold that plaintiff's counsel assented to its being tried upon that theory. It is now too late to raise the point.

Plaintiff's counsel contend that the court erred in preventing a witness testifying to the contents of a letter written by the maker of the note to defendant. We need not consider this alleged error, because it was entirely harmless, for the letter itself was subsequently put in evidence.

There is no error in the record and the judgment is affirmed.

McALVAY, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.