LINDSAY v. PARROTT.

[66 South. 412.]

BILL AND NOTES. *Indorsement before delivery. Nature of contract. Notice of nonpayment. "Comaker."*
   A defendant, who places his name on a note as indorser thereof, before its delivery, becomes a comaker thereof, and thereby renders himself liable to the payee as an original promisor. In such case, protest of the note and notice of nonpayment is not necessary in order to hold him.

APPEAL from the chancery court of Leak county.
HON. J. F. McCOOL, Chancellor.
Bill by G. A. Lindsay against George Parrott. From a judgment for defendant, plaintiff appeals.
The facts are fully stated in the opinion of the court.

*J. L. McMillan,* for appellant.

George Parrott is not an indorser of the note of Green Washington but under the law is a comaker with him for the same consideration. Sec. 4006, Code 1906, provides that indorsed promissory notes may be protested for nonpayment as bills of exchange, etc. There is a marked distinction between an indorser of a note and a comaker, made so by law and based upon the consideration for which the signature was made and not upon the ideas or purposes of the makers or indorsers.

Where a party puts his name on the back of a note at the time it was made, as surety for the maker and for his accommodation, to give credit with the payee, his signature being thus based upon the original consideration for which the note was given, he is by law made and held as a joint maker regardless of his intentions or purposes. The note in this case was given for the purchase money of the land in question and signed by both Wash-

ington and Parrott on the date of sale for the same consideration; therefore, making Parrott a comaker for the same consideration as that for which Green Washington signed the note. Had Parrott not signed for the same consideration as Washington, as in case G. S. Lindsay, the payee, had transferred the note to Parrott and then Parrott had transferred it by the indorsement appearing thereon to a third party for another and separate consideration from that for which the note was originally executed, then he would have been an indorser under the law in which case it would have been necessary to protest the note to have bound him; but where he is a joint maker for the same and original consideration, whether he signs for the sole accommodation of his comaker or whether he participates in or receives part of the consideration, he is bound as a comaker and protest is unnecessary, even though he puts his name on the back of the note, believing and understanding at the time that he was only binding himself as guarantor. *Pearl* v. *Cortright,* 81 Miss. 300, and the authorities cited therein and the authorities cited in the brief on both sides. See body of opinion, page 1 of the case of *Gallespie* v. *Oil Mill,* 76 Miss. 406, 7 Cyc. 963-b, citing *Cook* v. *Martin,* 5 Sm. & M. 379 and *Washington* v. *Planters Bank,* 1 Howard, 230; Story on Promissory Notes (17 Ed.), 75-78.

*O. A. Luckett,* for appellee.

The contention of the complainant's solicitor, that George Parrott is a comaker of the note sued on, is not supported by his bill, because he alleges in the bill, that he was an indorser of the note and evidently he was, as the note was originally drawn to be signed by one person and that was Green Washington, the purchaser of the land, for which the note was given.

The note was afterwards indorsed by George Parrott as an accommodation indorser. The copy of the note filed as exhibit to the bill, shows this and it is now too

late for counsel to change the whole scope and attitude of his bill and now claim that Parrott was a comaker, instead of an indorser, as charged in the bill. As an indorser he was entitled to. notice on the nonpayment of the note and it should have been protested as required by law.

The case before the court is an accommodation indorser, without consideration or value paid, so far as the allegation of the bill shows, as none is shown in the bill. The complainant in his bill alleges no fact going to make Parrott liable as an indorser, nor does he excuse himself for not so doing. If the court will notice, Green Washington was purchaser of the land and the deed was made to him individually and his note taken for the purchase money afterwards indorsed by Parrott, who was evidently an accommodation indorser of the paper. The only purpose of making George Parrott a party to the bill, was to procure a judgment against him or a decree over against him, in case the land did not bring a 'sufficient sum to pay the note, interest and cost. He was only a necessary party that far, and if under the allegations of the bill and the law of the land, he is not responsible on the paper for failure to give him notice and to protest the paper, the court ought to affirm the decree of the lower court.

The case of *Pearle* v. *Cortwright,* 81 Miss. 300, cited by counsel for the appellant, and other cases cited by him, are not in point and do not support complainant's case as made by his bill. If the court will notice, the case in 81 Miss. 300, you will see that Cortwright participated in the consideration, a fact not alleged in the bill in this. case.

Upon the face of complainant's bill George Parrott is. no more nor less than an indorser, with all the rights and privileges of such, and one of the most important is due protest of the paper. and notice of nonpayment, unless.

this was waived by him, which he has not done nor does the bill aver that he has.

The court in the case in the 76 Miss. 406, cited by counsel, went off on the idea that a draft drawn on another and indorsed in blank and accepted by that other, when it gets in the hand of an innocent purchaser for value, is akin to a promissory note, payable to bearer. That was the idea in the Gallespie case above and upon that theory the court so held, which is a different proposition entirely from the case at bar.

We respectfully submit the case and ask for an affirmance of the decree.

REED, J., delivered the opinion of the court.

Appellant filed a bill in chancery to foreclose a vendor's lien, retained in a note given to evidence the purchase price of certain land conveyed by him to Green Washington, and to obtain a judgment against Washington and appellee for the balance owing on the note after the credit thereon of the net proceeds from the sale of the land in the foreclosure procedure. Appellant alleges in his bill:

"That said sale was made wholly on a credit and for the sum of three hundred and eighty-five dollars due and payable on December 1, 1908, with ten per cent. interest after maturity until paid, which sum of indebtedness is evidenced by the promissory note of Green Washington indorsed by George Parrott."

Then follows a copy of the note, which shows that it was given in payment in full for the land purchased, and that the land was subject to a vendor's lien, and further shows that it was signed by Green Washington and indorsed by George Parrott. It is averred in the bill that Washington and Parrott wholly failed to pay the note, or any part thereof, except a certain sum, which had been credited thereon.

A demurrer was filed by appellee to the bill, on the ground that the bill failed to show that the note sued on was duly protested for nonpayment and notice thereof given to appellee as required by law. The chancellor sustained the demurrer and dismissed the bill as to Parrott. To show his holding, we quote from the decree as follows:

"That the said George Parrott is not liable on said note as indorser, for the reason that complainant failed to protest said note, and to give the said George Parrott notice of the nonpayment of said note, as he was legally entitled to under the law."

We understand from the averments in the bill that, at the time of the sale of the land and the execution of the deed therefor, the note sued on, duly signed by Green Washington and indorsed by appellee, George Parrott, was delivered to appellant in payment of the purchase price. It appears from the bill that the note was signed and indorsed before delivery. Appellee, by placing his name on the note as indorser thereof before its delivery, became a comaker thereof, and thereby rendered himself liable to the payee as an original promissor. Such being the case, protest of the note and notice of nonpayment was not necessary in order to hold appellee. *Polkinhorne* v. *Hendricks,* 61 Miss. 366; *Richardson* v. *Foster,* 73 Miss. 12, 18 So. 573, 55 Am. St. Rep. 481; *Pearl* v. *Cortright,* 81 Miss. 300, 33 So. 72.

*Reversed and remanded.*