## NALITZKY et al. v. WILLIAMS.

(Circuit Court of Appeals, Third Circuit. December 6, 1916. Rehearing Denied January 8, 1917.)

### No. 2145.

1. BILLS AND NOTES ☞237—ACCOMMODATION INDORSER—LIABILITY.

One who indorsed, without consideration to himself, a note given in renewal of a one-name note, when the bank informed the maker that it could no longer accept a one-name note, made the indorsement for the accommodation of the maker, not of the bank, and is liable, though the bank knew that the indorser received no consideration for his indorsement, under section 24 of the Negotiable Instruments Act of New Jersey (3 Comp. St. N. J. 1910, p. 3732), creating a presumption of consideration for a negotiable instrument, section 25 defining value, and section 29 defining an accommodation maker as one who has signed the instrument, without receiving consideration therefor, for the purpose of lending credit to another party to the instrument.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 563, 564, 567–569; Dec. Dig. ☞237.]

2. EVIDENCE ☞441(11)—PAROL EVIDENCE—VARYING NOTE—PAYMENT IN INSTALLMENTS.

Parol evidence is not admissible to vary the unqualified terms of a note by proving an agreement that it might be paid off in installments.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1812, 2043, 2044; Dec. Dig. ☞441(11).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BILLS AND NOTES ☜140—LIABILITY OF INDORSER—DISCHARGE—EXTENSION OF TIME OF PAYMENT—CONSIDERATION.

An agreement by the bank that, if the maker of a past-due note would pay part of it, the bank would wait for the balance, is based on no consideration, and is not binding on the bank, and therefore does not relieve an accommodation indorser from his liability, even if he be considered only secondarily liable under Negotiable Instruments Act N. J. § 120, providing that a party secondarily liable shall be entitled to be discharged by any agreement binding on the holder to extend, the time of payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 355–359; Dec. Dig. ☜140.]

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Action by C. L. Williams, as receiver of the First National Bank of Bayonne, against Tudres Nalitzky and another. Judgment for plaintiff, and defendants bring error. Affirmed.

J. L. Weinberg, of New York City, for plaintiffs in error.

Barber, Watson & Gibboney, of New York City (George M. Burditt and Stuart G. Gibboney, both of New York City, of counsel), for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges

McPHERSON, Circuit Judge. This suit, brought on November 9, 1914, by Christopher L. Williams, receiver of the First National Bank of Bayonne, is against Tudres Nalitzky, the maker, and David I. Nalitt, the indorser, of a promissory note in the usual commercial form for $2,100, dated November 24, 1913, and payable in two months. Protest was waived at maturity, two payments were afterwards made by Nalitzky—one of $50 on January 26, 1914, and the other of $500 on February 26—and the receiver sues to recover the balance. The trial judge directed a verdict for the plaintiff, and this writ of error complains of his instruction, and also of certain rulings during the trial. The facts are few, and are not now in dispute:

On May 19, 1913, Nalitzky was in debt to the bank on several single-name notes, and on that date united all his obligations in one note for $2,300, upon which Nalitt became the accommodation indorser. Several renewals followed, $200 was paid on account, and the note now before us is the last of the series.

[1] The first defense is that the indorsement was an accommodation, not to the maker, but solely to the bank, which was obeying an official notice from a bank examiner that the single-name paper could no longer be permitted, and that Nalitzky must furnish an indorser. This defense has no merit, either in fact or in law. The accommodation was to Nalitzky, and not to the bank; and, although the bank knew that Nalitt received no consideration for his indorsement, this is a matter of no importance. New Jersey Negotiable Instruments Act (3 Comp. Stat. N. J. 1910, p. 3732) §§ 24, 25, 29; Israel v. Gale, 174 U. S. 395, 19 Sup. Ct. 768, 43 L. Ed. 1019.

[2] The second defense asserts that when the note was made the bank agreed that the debt might be paid off by small installments, $50 or $75—an agreement that would be violated if recovery were now permitted. Evidence to this effect was offered, but was correctly rejected.; no authority need be cited for the proposition that the unqualified, terms of the note cannot be thus varied by parol testimony.

[3] The remaining defense deserves a somewhat fuller consideration. Nalitzky testified that on February 26, 1914, the note being then overdue, he offered to pay, and did pay, $500 on account, but on the condition (which was agreed to, and was afterwards fulfilled, by the bank) that the time of payment should be extended for six months from the date of maturity. The argument is that the indorser was only a surety, and was discharged because he did not agree to the extension. The trial judge struck out the evidence, and the indorser complains of this ruling as erroneous. In our opinion the objection is not well founded. Precisely what position an accommodation indorser may occupy under the Negotiable Instruments Act, when the holder knows that he has received no consideration, we do not find it necessary to decide. But one thing is certain; he is either primarily liable, or secondarily liable (sections 60–69); and, whichever may be his true character, the methods by which he can be discharged are pointed out in sections 119 and 120. The most favorable aspect in which to regard him is as a person secondarily liable, and therefore entitled to be discharged under section 120:

"By any agreement binding upon the holder, to extend the time of payment, or to postpone the holder's right to enforce the instrument, * * * unless the right of recourse against such party is expressly reserved."

Assuming, as we must, that the jury might have found the facts to be as Nalitzky testified, and assuming further—but solely for the purposes of this case—that Nalitt was only secondarily liable on the note, and was entitled to the protection of the clause quoted from section 120, the narrow question is presented: Did the bank make a binding agreement to extend the time? The fatal defect in the evidence is that no consideration for such a contract is shown, and therefore, although the agreement may have been formally entered into, it was a nudum pactum and tied the hands neither of the bank nor of the indorser. Nalitzky gave the bank no new consideration of any kind, pecuniary or other; he merely paid part of a debt that had matured, and, as all of it was then payable, he was doing no more, but, on the contrary, was doing less, than he was already bound to do. He neither undertook nor discharged any new obligation, and the bank gained no new legal advantage by accepting part of the debt when the whole of it was lawfully demandable. As the indorser could have paid what was due, either when the note matured or on any day thereafter, and could then have immediately pursued his own remedy against the maker, he suffered no injury and was not discharged. The general subject is considered in the notes and cases to be found in 8 Corp. Jur. 278, § 434; Crawford, Neg. Inst. (3d Ed.) 138; Cellers v. Lyons, 49 Or. 186, 89 Pac. 426, 10 L. R. A. (N. S.) 133, 13 Ann. Cas. 997; Rogers v. Detroit Savings Bank, 146 Mich. 639, 110 N. W. 74, 18 L. R.

A. (N. S.) 534; Richards v. Market Exchange Bank Co., 81 Ohio St. 348, 90 N. E. 1000, 26 L. R. A. (N. S.) 99; Northern State Bank of Grand Forks v. Bellamy, 19 N. D. 509, 125 N. W. 888, 31 L. R. A. (N. S.) 149; 3 Rul. Case Law, 1273, §§ 503–508.

The judgment is affirmed.