**BANK OF FREDERICKSBURG et al. v. KNOPP. (No. 7029.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1923.)

1. **Bills and notes** ⬳422(3)—**Indorser signing without qualification note waiving grace and protest bound by such waiver.**

In view of Acts 36th Leg. (1919) c. 123, §§ 109–111 (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—109 to 6001—111), providing that waiver of dishonor or protest may be made on negotiable instruments, and where waiver is embodied in the instrument it is binding on all parties, if a note waives grace and protest, a bank, by indorsing its name thereon without qualification, thereby waives grace and protest.

2. **Bills and notes** ⬳422(3)—**Transferee indorsing note without qualification, thereby waiving dishonor and protest, became principal.**

Where the transferee of the note, in which notice of dishonor and protest were waived, indorsed it without qualification, it became a principal, and as such was bound with the maker.

3. **Appeal and error** ⬳909(5)—**Presumption raised in support of judgment for plaintiff that he showed waiver of provision as to time of suing.**

In action on a note against the maker and indorser, where the defense, based on Rev. St. arts. 579 and 590, was that suit was not filed before the first term after action accrued, it will be presumed on the indorsee's appeal, in absence of a statement of facts, that plaintiff showed an express waiver of such provision.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Action by Emil Knopp against Bank of Fredericksburg, unincorporated, and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

Alfred P. C. Petsch, of Fredericksburg, for appellant.

Max Blum and Judge A. W. Moursund, both of Fredericksburg, for appellee.

FLY, C. J. This is a suit on a promissory note for $4,000, executed by Charles H. Keyser to Ethel Smith Lemons and secured by a lien executed by Keyser and wife, Aurena Keyser, on 450 acres of land in Mason county, Tex. Emil Knopp, appellee, sought a judgment for the amount of the note and a foreclosure of this lien as against Charles H. Keyser, Aurena Keyser, and the Bank of Fredericksburg, an unincorporated bank, owned and held by Temple D. Smith, presi-

dent, Adolph Gold, vice president, and Albert Koennecke, cashier. The bank was sued as an indorser of the note. The bank answered by general and special exceptions, and alleged that the note sued on became due on August 26, 1922, and the district court of Mason county convened in regular session on September 18, 1922, and the court in Gillespie county began after the maturity of the note and before the suit was filed. The court overruled all exceptions, and rendered judgment on the note as against Charles H. Keyser, as maker, and the Bank of Fredericksburg, as indorser, for the amount of principal and interest, and the lien on the land was foreclosed as to Mrs. Keyser as well as the other parties.

Keyser and wife filed no answer, and this appeal is prosecuted by the Bank of Fredericksburg alone. The only defense to the action is based on articles 579 and 590, Revised Statutes, which provide the methods of fixing the liability of an indorser by suit or protest. The claim is that this suit was not filed before the first term of the district court to which suit could be brought after the right of action accrued, nor was it instituted before the second term of said court, after the right of action accrued, and good cause shown why suit was not instituted before the first term next after the right of action accrued.

There is no statement of facts in the record, but it is recited in the judgment that evidence was adduced, and appellee in his supplemental petition alleged:

"That defendant Bank of Fredericksburg expressly waived protest, demand, notice, and bringing of suit to fix its liability as indorser, and is now estopped from denying its liability as indorser of the note sued on."

[1] The law as to negotiable instruments in Texas has been fully embodied in an act of the Thirty-Sixth Legislature (Acts 36th Leg. c. 123, §§ 1–197), in 1919, and embodied in articles 6001—1 to 6001—197, inclusive, Vernon's Tex. Civ. and Crim. Stats. 1922 Supp. This act was in effect when the promissory note sued on was executed, and it is specially provided that waiver of dishonor or protest may be made on any negotiable instrument, 6001—109, 110, and 111. In 6001—110 it is provided that "where the waiver is embodied in the instrument itself, it is binding upon all parties," which would include any indorser without qualification. In the note sued on, which was indorsed by the bank without qualification, "grace and protest" were waived, which was a waiver by the indorser when it signed its name on the note. However, it is provided in 6001—118, that "protest is not required except in the case of foreign bills of exchange." These provisions dispose of the matter of protest.

[2] When notice of dishonor and protest were waived by appellant, it became at once

a principal, and as such was bound with the maker of the note. 3 R. C. L. § 503; Rogers v. Detroit Savings Bank, 146 Mich. 639, 110 N. W. 74, 18 L. R. A. (N. S.) 530, and footnotes. The liability of the indorser was fixed by the terms of the note which it unqualifiedly indorsed.

[3] In this case no statement of facts is made a part of the record, and to sustain the judgment it will be presumed that appellee showed an express waiver of suit on the note at the first term of court after accrual of the right of action by appellant, as was pleaded in the supplemental petition.

The judgment is affirmed.