WARREN *et al. v.* W. T. RALEIGH CO.

(Division B. Jan. 27, 1936. Suggestion of Error Overruled Feb. 10, 1936.)

[165 So. 436. No. 32046.]

L. B. Melvin and Welch & Cooper, all of Laurel, for appellants.

**Martin & Berry,** of Prentiss, for appellee.

606

Argued orally by **Ellis B. Cooper**, for appellant, and by **G. L. Martin**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee is a manufacturer and seller of proprietary medicines, extracts, and the like. One Morse O. Ligon was a local retail dealer for appellee, and appellants were the accommodation sureties on a contract of suretyship executed unto appellee in behalf of said local retail dealer. The contract of suretyship was dated March 30, 1932. On January 10, 1934, the local retail dealer had become considerably in arrears with appellee, and other conditions were such that appellant sureties apprehended a loss on account of their suretyship, and certainly so unless immediate proceedings were instituted against said local dealer.

Accordingly, on the date last aforesaid, the sureties

gave "notice in writing to the creditor to commence and prosecute legal proceedings against the principal debtor" at once; the notice averring that the principal debtor was then a resident citizen of this state, and that, "if suit is delayed, it may result in serious damage to us." This notice was given under section 2957, Code 1930, and it is not here contended that the terms or contents of the notice were in any way insufficient. The notice was promptly received at the head office of appellee, but appellee did not institute suit within the time required by the statute aforesaid, during which time the principal debtor remained a resident of this state, but delayed the suit until May 5, 1934, at which latter date the principal debtor had left the state.

In defense of the suit, appellants interposed a plea setting up the facts aforesaid and demanded a judgment of discharge of liability as provided in said statute. A demurrer to this plea was overruled, and appellee replied that the principal debtor was not a resident of the state at the time the notice set up in the plea was given and that for that reason the statute did not come into operation. On this issue the parties went to the jury, and the jury returned a verdict on the evidence on behalf of the sureties, appellants here, and judgment was entered in their favor. This was in the county court. The creditor appealed from that judgment to the circuit court, and the judgment was there reversed on the ground that the sureties had waived the benefits of section 2957, and the sureties have appealed to this court.

The two provisions in the written contract of suretyship which are urged by appellee as constituting a waiver of the statute are these: "We hereby expressly waive notice of the acceptance of this contract and of the shipment of goods to the buyer and of extension of credit to the buyer and of the extension of time in which to pay for the goods so purchased, and waive all notice of any nature whatsoever . . . We also agree that it shall

not be necessary for the seller to first exhaust its remedies against the buyer before proceeding against us.''

It is argued that, inasmuch as the said contract expressly agreed that the creditor could extend the time of payment without any notice to the sureties and for so long a time as the creditor should choose, and, having done so, the creditor did not in any event have to proceed against the principal debtor before resorting to the sureties, these stipulations are inconsistent with the rights conferred by the aforesaid statute, and being inconsistent therewith, are a waiver thereof. We think the contentions made by appellee have been settled, in principle, against appellee by the case First National Bank v. Rau, 146 Miss. 520, 531, 112 So. 688. There, as here, the indorser had, among other stipulations, agreed that extensions of time for payment might be made without notice to the indorser, and under the law, as fully as if expressly recited in the agreement of indorsement, the creditor did not have to first exhaust its remedies against the principal debtor; yet the court held that such stipulations did not have the effect to oust or waive the statute.

The legal philosophy underlying that and similar decisions is that rights which an accommodation surety has under the law and by which his burdens are lightened are not to be ousted by the mere implications of his contract of suretyship. As said by us in the recent case, W. T. Raleigh Co. v. Rotenberry, 164 So. 5: ''A gratuitous surety is a favorite of the law and the contract must be strictly construed to impose upon the surety only the burdens clearly within the terms of the contract, so that it cannot be extended by implication, presumption, or construction.'' To deprive the sureties of the rights of the statute in question would most certainly increase the load or burden undertaken by them, and this must be by language which is express, and cannot be worked out by implication or construction, unless the construction adopted and allowed is as dependable and satisfactory

as that found in express language; and that is not the case here.

Reversed, and judgment here for appellants.