## Thompson *v.* Gore.

(Division B.   Jan. 10, 1938.)

[178 So. 81.   No. 32960.]

Kermit R. Cofer, of Water Valley, for appellant.

Creekmore, Creekmore & Capers, of Jackson, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, as receiver of the Peoples Bank of Water Valley, brought this action in the circuit court of Yalobusha county against J. W. Hamner, Jr., and appellee, T. O. Gore, on a promissory note in the principal sum of $3180, which note was payable and delivered to the bank; executed by J. W. Hamner, Jr., as maker, and indorsed by appellee Gore. Appellee Gore alone defended the suit. His defense was that the receiver of the bank, by order of the chancery court in which the receivership was pending, had released his coindorser on the note, O. T. Hamner, and thereby under the law he (Gore) was released. There was no controversy as to the facts. The cause was tried before the court as judge and jury,

resulting in a judgment in appellee's favor, from which the receiver appeals.

The facts are that on February 15, 1932, J. W. Hamner, Jr., executed his promissory note to the bank which was then a going concern. The note was made due on November 15, 1932, and indorsed on its back there appears first the name of O. T. Hamner and under it the name of T. O. Gore. On the 29th of February, 1936, the indorser O. T. Hamner paid to the receiver the sum of $585.37, for which the receiver gave him a receipt releasing him from further liability on the note. This compromise settlement was made by authority of the chancery court. The order authorizing it provided that on the payment of that sum O. T. Hamner should be released from further liability, but that such release should not affect the rights of the receiver "as to the other makers and indorsers, nor the liability of said makers and indorsers other than O. T. Hamner."

For reversal the receiver relies on section 2027, Code of 1930, and the decision of the court in Lindsay v. Parrott, 108 Miss. 161, 66 So. 412, and other decisions of like effect. It was held in that case that, where a person places his name on a note as an indorser before its delivery, he becomes a comaker and liable to pay as an original promisor. Section 2027 provides among other things that, in cases of joint or joint and several indebtedness, the creditor may settle or compromise with and release any one or more of the debtors, and such settlement or release shall not affect the right or remedy of the creditor against the other debtors for the amount remaining due and unpaid.

The fault with that position is this: Since the adoption in 1916 of the Uniform Negotiable Instruments Act, chapter 51, Code of 1930, section 2657 et seq., a mere indorser, before delivery, is not primarily liable on a note, he is only secondarily liable. The rule, therefore, announced in the Lindsay Case was changed. Section 2719 of the Negotiable Instruments Act provides that a

person placing his signature on an instrument otherwise than as maker, drawer, or acceptor, is deemed to be an indorser, unless he clearly indicates to the contrary. Section 2720 provides that a person, not otherwise a party to an instrument, who places thereon his signature in blank before delivery, is liable as an indorser. Section 2848 provides that a person primarily liable on an instrument is one who by the terms of the instrument is absolutely required to pay the same; all other parties are secondarily liable. Section 2724 provides that, as respects one another, indorsers are liable prima facie in the order in which they indorsed. Section 2776 provides among other things that a person secondarily liable on an instrument is discharged by the discharge of a prior party.

O. T. Hamner's name, as stated, appears first on the back of the instrument, appellee's under it, therefore under section 2724, as between them, O. T. Hamner was liable for the payment of the note. His discharge, therefore, under the law discharged appellee from further liability. This conclusion is supported by Skinner v. Mahoney, 140 Miss. 625, 106 So. 211; Carter v. Jennings, 134 Miss. 263, 98 So. 687; Taylor v. Ross, 129 Miss. 536, 92 So. 637; Brannan's Negotiable Instruments Law (3 Ed.), pp. 232 to 236, inclusive.

Section 2027 has no application because appellee was not a joint and several debtor. If the decree authorized the discharge of O. T. Hamner, the prior indorser, and the holding of appellee, it was unauthorized and void to that extent. The chancellor had no right to make a decree in violation of the legal rights of the appellee without his consent. There was no evidence that he gave his consent to the compromise.

Affirmed.