523 So.2d 1019 (1988)
COMFORT ENGINEERING COMPANY, INC.
v.
Hollis KINSEY.
No. 55890.
Supreme Court of Mississippi.
April 13, 1988.
*1020 David Sparks, Sparks & Wicker, Tupelo, for appellant.
Orma R. Smith, Jr., Smith, Ross & Trapp, Corinth, for appellee.
En Banc.

ON PETITION FOR REHEARING
GRIFFIN, Justice, for the Court:
This case, involving commercial paper, comes to the Court from the Circuit Court of Lee County, Mississippi, which granted a summary judgment for the appellee. We reverse.
Prior to May 12, 1976, Fashions by Wisz, Inc., contracted with Comfort Engineering Company, Inc., for the installation of equipment at Wisz's factory in Tupelo, Mississippi. During the installation process, Comfort Engineering halted its work due to Wisz's financial difficulties.
On May 12, 1976, Wisz executed a note in favor of First Citizens National Bank of Tupelo for $60,005, in order to complete the installation. The bank requested Comfort Engineering to endorse the note, and Comfort Engineering did so. The bank also obtained in a separate transaction, dated May 12, 1976, a personal guaranty of the note from Wisz's officers, directors and stockholders, one of whom was Hollis Kinsey.
The bank renewed the original note on August 31, 1976, but at its subsequent maturity, Wisz defaulted. Thereafter, the bank went against Comfort Engineering as the endorser; in exchange for full payment, the bank assigned all of its rights to Comfort Engineering. Consequently, in July, 1977, Comfort Engineering sued Kinsey. Kinsey offered no defense, counterclaim, or set-off in the suit. Comfort Engineering received a judgment against Kinsey in 1978.
Kinsey, in turn, instituted the present suit against Comfort Engineering in 1982, claiming that although he had no defense to the prior action, since by the assignment Comfort Engineering had the rights of the bank, nevertheless, Kinsey, standing as a guarantor, did have recourse against Comfort Engineering, standing as an accommodation endorser.[1]
To determine the status of the parties, and their respective rights and duties, the Court must construe those statutes reflecting the Uniform Commercial Code. Clearly, under Miss. Code Ann. § 75-3-415 (1972), Comfort Engineering stands as an accommodation endorser of the note:
(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.
* * * * * *
(2) An endorsement which shows that it is not in the chain of title is notice of its accommodation character.
As such, the bank exercised its right to payment on the note against Comfort Engineering, *1021 according to Miss. Code Ann. § 75-3-414(1) (1972):
Unless the endorsement otherwise specifies (as by such words as "without recourse") every endorser engaged that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his endorsement to the holder or to any subsequent endorser who takes it up, even though the endorser who takes it up was not obligated to do so.
Besides, Comfort Engineering's endorsement of the note, the bank also procured a personal guaranty of the debt from Kinsey. The guaranty agreement read, in part:
Said Bank may, without any notice whatsoever to anyone, sell, assign, or transfer all or any part of said indebtedness, and in that event each and every immediate and successive assignee, transferee, or holder of all or any part of said indebtedness shall have the right to enforce this guaranty, by suit or otherwise for the benefit of such assignee, transferee or holder, as fully as though such assignee, transferee or holder were herein by name given such rights, powers and benefits; ... .
Consistent with the above, the bank assigned its rights in the guaranty to Comfort Engineering in return for its payment of the note. By the terms of the guaranty, as well, Kinsey had agreed to such an assignment by the bank.
What is important is that Comfort Engineering at this point ceased being an endorser. Its obligation as endorser discharged, Comfort Engineering became the holder of the note. As such, Comfort Engineering could and did enforce payment of and from Kinsey, for Kinsey had bound himself to "guarantee the full and prompt payment" of the underlying debt. When Comfort Engineering paid the note, it bought the bank's rights. One of those rights was that against Kinsey on Kinsey's personal guaranty
Miss. Code Ann. § 75-3-416(1) (1972) controls with this language:
"Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due, he will pay it according to its tenor without resort by the holder to any other party.
Kinsey was thus bound to the holder of the Wisz note.
Kinsey concedes that § 75-3-416(1) binds a guarantor, as a maker, to pay the note "... without resort by the holder to any other party." The liability of the guarantor to the holder is the "same as" or "indistinguishable from" that of a co-maker. Therefore, Comfort Engineering, as the bank's assignee qua holder, was entitled to and did enforce payment of and from Kinsey both as a matter of contract right and by virtue of Kinsey's obligations under § 75-3-416(1).
The point is otherwise put in 6 Anderson's Uniform Commercial Code 66-67 (3d ed. 1984):
... [A]n accommodation maker is liable to an accommodation endorser paying the paper and cannot claim that there should be contribution between them as they are not co-sureties.
Kinsey is an accommodation maker. Comfort Engineering is an accommodation endorser who paid the note (and became a holder). One of the most elementary  and equitable  principles of the law of commercial paper is that an endorser who gets stuck can recover of and from the maker. Comfort Engineering, as a accommodation endorser, got stuck paying the bank and it is entitled to and has recovered of and from Kinsey, the accommodation maker.
Kinsey's interest in Murray v. Payne, 437 So.2d 47 (Miss. 1983) is misguided. Murray holds that a guarantor paying a note may recover of and from the maker. Applied to today's case, Murray means that Kinsey, as guarantor, may recover of and from Fashions by Wisz, Inc., the maker of the note.
Kinsey has on these facts a further remedy. He was one of eight guarantors who signed the May 12, 1976, guaranty agreement. If Kinsey feels he has paid more than his fair share of the obligations guaranteed, he may seek contribution of and *1022 from his co-guarantors. See Celotex Corporation v. Campbell Roofing & Metal Works, Inc., 352 So.2d 1316, 1318 (Miss. 1977).
But Kinsey has no claim against Comfort Engineering even were it still  and only  an accommodation endorser, because Kinsey and Comfort Engineering are not parties of equal rank. They are not co-sureties. There is no rule in the Uniform Commercial Code or otherwise imposing liability upon an accommodation endorser to a guarantor. The liability of a guarantor is the "same as" or "indistinguishable from" that of a co-maker, who has primary liability on a note. Rasette v. Jacobson, 39 Mich. App. 172, 197 N.W.2d 330 (1972); Etelson v. Suburban Trust Co., 263 Md. 376, 283 A.2d 408 (1971). See also, Reynolds v. Service Loan and Finance Co., 116 Ga. App. 740, 158 S.E.2d 309 (1967). Yet, an endorser remains only secondarily liable on such a debt. Fish Meal Co. v. Brondum, 242 Miss. 573, 135 So.2d 825 (1961); Thompson v. Gore, 180 Miss. 560, 178 So. 81 (1938). The accommodation endorser then owes no duty to the guarantor in the event that the guarantor, who has the liability of a co-maker, pays the note's holder.
However, what we have said herein, our holding here, is not meant to imply that an accommodation endorser and a guarantor cannot agree or contract privately as to their liability. This opinion does not touch that question in view of the fact that there is no evidence in the record that the accommodation endorser would assume the liability of the guarantor.
Accordingly, the judgment of the lower court is reversed and judgment is rendered for the appellant, Comfort Engineering Company.
PETITION FOR REHEARING DENIED; OPINION OF THE COURT WITHDRAWN AND THIS OPINION SUBSTITUTED THEREFOR. REVERSED AND RENDERED.
ROY NOBLE LEE, C.J. HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
ROBERTSON, J., concurs by separate written opinion.
PRATHER, J., not participating.
ROBERTSON, Justice, concurring in denial of petition for rehearing.
Labels aside, our law recognizes but two classes of obligors on commercial paper: those primarily liable and those secondarily liable. Absent private agreement to the contrary, parties secondarily liable are of equal rank. Unless limited, their liabilities to holders are joint and several. Vis-a-vis each other, their liabilities and rights are equal and pro-rata, again absent agreement to the contrary. One party secondarily liable does not improve his position vis-a-vis others of the same rank by paying the holder and acquiring an assignment of the holder's rights. Nothing in the Uniform Commercial Code, as enacted in this state, provides to the contrary.
Fashions by Wisz, Inc. was the primary obligor in today's case. Comfort Engineering Company, Inc., and Hollis Kinsey each was secondarily liable in the sense that each, to the extent he had to pay First Citizens National Bank, had full right of recovery against Wisz and had pro-rata right of recovery against all others secondarily liable. Neither Comfort Engineering nor Kinsey had legal power to improve his position vis-a-vis each other and/or the other secondary obligors by jumping in and paying the Bank and buying its position.
As I appreciate today's facts, Wisz' obligations on the note held by the bank were underwritten by seven parties: Hollis Kinsey, C.H. Page, W.F. Aubuchon, Arthur Wisz, Robert L. Harrison, H.M. Campbell and Comfort Engineering Company, Inc. Any one or more of these seven parties paying the Bank would acquire rights of contribution of and from the others, pro rata.
All of this is to say that, when Comfort Engineering sued Kinsey way back on July 20, 1977, Kinsey had an absolute, partial defense, to-wit: that its liability to Comfort was limited to its contribution obligations. *1023 Put otherwise, Comfort's and Kinsey's status and rights inter se were frozen long before Comfort paid the Bank and bought the Bank's position. Our law does not allow Comfort to improve its rights vis-a-vis Kinsey by paying off the Bank. Notwithstanding Comfort's putting on its newly acquired holder hat, Kinsey had the procedural opportunity to insist that Comfort had never shed its other hat, the one it wore as a party secondarily liable. Kinsey could have asserted by way of defense that he was at most liable to Comfort for only one-seventh of the obligation he (and Comfort) had guaranteed.
Kinsey's problem today is that he did not assert his defense in the suit Comfort brought. As a defense Kinsey could have asserted at the time, Kinsey's right to limit his liability to Comfort to that required by contribution has been lost forever. Magee v. Griffin, 345 So.2d 1027, 1030-32 (Miss. 1977); Jones v. Merrill, 69 Miss. 747, 753, 11 So. 23, 24 (1892); 50 C.J.S., Judgments § 682a (1947); 46 Am.Jur.2d, Judgments § 431 (1969).
Let me be clear. Ordinarily, a party paying the debt of another becomes subrogated to the rights of the payee and may pursue the original obligor. Under certain circumstances a third party paying Wisz' obligations to the Bank would have succeeded to the Bank's rights, including its rights against any parties secondarily liable. Here, as a matter of law, Comfort never succeeded to the Bank's rights against Kinsey. Vis-a-vis Kinsey, Comfort remained a party of equal rank, each secondarily liable.
For these reasons, I concur that final judgment should now be entered in favor of Appellant, Comfort Engineering Company.
PRATHER, J., not participating.
NOTES
[1] Under our present rules of practice, Kinsey's suit would be a compulsory counterclaim which would have been barred if not asserted in the suit Comfort Engineering originally brought against Kinsey. See Rule 13(a), Miss.R.Civ.P. Back in 1977 when Comfort Engineering brought that original suit, however, counterclaims such as this were permissive only. See Miss. Code Ann. § 11-7-69 (1972). The 1977 suit does not necessarily bar the present action.